IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | No. 4:19-CV-01584 |
| Plaintiff, | (Judge Brann) |
| v. | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, SUPERINTENDANT THOMAS MCGINLEY, DEPUTY SUPERINTENDENT EDWARD BRAUMBAUCH, VICTOR MIRARCHI, SGT. LEONARD, LT. PETERS, SGT. BATIUK, LT. PROCOPIO, and JAMES ROE, | |
| Defendants. | |

## ORDER

**APRIL 21, 2020**

Plaintiff John Doe brings claims against Defendants for employment discrimination on the basis of his transgender status under 42 U.S.C. § 1983 and the Rehabilitation Act of 1973. Doe now moves for leave to amend his complaint to add two new defendants: Secretary John Wetzel of the Department of Corrections and a second "James Roe" defendant.

Doe filed his original complaint on September 12, 2019.[1] On November 26, 2019, Defendants filed a motion for an extension of time to respond to the

---

[1] Compl., Doc. 1.

complaint.[2] Doe agreed to Defendants' requested extension in exchange for the Defendants' agreement that the statutes of limitations would be tolled as to Defendant James Roe.[3] On November 27, 2019, in granting the extension, I stated that "Any applicable statutes of limitation shall be tolled ***as to Defendant James Roe***, for a period of 60 days after the Named Defendants file their responsive pleading."[4] Defendants filed their answer on December 26, 2019,[5] and, sixty days later, on February 24, 2020, Doe moved for leave to amend his complaint.[6]

Federal Rule of Civil Procedure 15 generally favors a liberal policy toward amendment of pleadings.[7] However, the statutes of limitations for Doe's claims expired in the intervening time between the filing of the original complaint and Doe's motion for leave to amend.[8] These limitations periods were not extended by this Court's November 27, 2019 Order, which stated quite clearly that that particular extension applied only to the James Roe named in the original complaint—that is, James Roe 1. To add claims against Secretary Wetzel and

---

[2] Defs.' Am./Corrected Mot. for an Extension of Time, Doc. 11.

[3] *Id.* at ¶ 10.

[4] Order, Doc. 12 (emphasis added).

[5] Defs.' Answer to Compl. and Affirmative Defenses, Doc. 14.

[6] Mot. of Pl. for Leave to File First Am. Compl., Doc. 17.

[7] *See* Fed. R. Civ. P. 15(a); *Wine v. EMSA Ltd. P'ship*, 167 F.R.D. 34, 36 (E.D. Pa. 1996).

[8] Claims under the Rehabilitation Act and § 1983 in Pennsylvania are both subject to a two-year limitations period. *See Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008); *Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir. 1985); 42 Pa. C.S.A. § 5524. Doe's claims accrued no later than December 1, 2017, when he alleges that his constructive discharge was made effective. *See* Compl. ¶ 20.

James Roe 2, Doe must demonstrate that the amendments relate back to the date of the original pleading under Rule 15(c), else they be barred by the statutes of limitations.[9]

Rule 15(c)(1)(C) provides that an amendment that changes the party against whom a claim is asserted relates back when two prerequisites are met. First, the new party must have received sufficient notice to ensure that it will not be prejudiced in defending the action on the merits.[10] Second, the new party must have known or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity.[11]

Doe has provided no showing on either. Without this, I cannot find that Secretary Wetzel or James Roe 2 had notice or that there was any mistake concerning the proper party's identity. Absent satisfaction of Rule 15(c), I will not grant leave to add expired claims.

Therefore, **IT IS HEREBY ORDERED** that Plaintiff John Doe's Motion for Leave to File First Amended Complaint (Doc. 17) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[9] I need not consider Rule 21 to join the new parties because Rule 15(a) encompasses these amendments when the plaintiff is required, as here, to seek leave from the court. *See Wolfson v. Lewis*, 168 F.R.D. 530, 533 (E.D. Pa. 1996).

[10] Fed. R. Civ. P. 15(c)(1)(C)(i).

[11] Fed. R. Civ. P. 15(c)(1)(C)(ii).