# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | No. 4:19-CV-01584 |
| Plaintiff, | (Judge Brann) |
| v. | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JULY 9, 2021

## I.  BACKGROUND

Plaintiff moves to compel discovery responses and production of documents in response to interrogatories and requests for production, in support of his employment discrimination claim. Having reviewed the submissions and pertinent discovery requests, the Court grants the motion in part and denies it in part.

## II.  DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 26 entitles parties to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[1] Such information "need not be admissible

---

[1]  Fed. R. Civ. P. 26(b)(1).

in evidence to be discoverable."² "Rule 26(b)(1) establishes a liberal discovery policy."³ Parties may seek discovery under Federal Rule of Civil Procedure 34, through requests for production. The Court's discretion in resolving discovery disputes is limited by the factors established by Rule 26: privilege, relevance, and proportionality. Rule 37 gives parties a mechanism through which they may try to compel discovery when they believe responses have been inadequate.

### B. First Request for Production, # 7

Plaintiff's first set of requests for production of documents ("First RFP") asks Defendants at request 7 to "produce any policy regarding gender transition, gender identity, gender expression, and/or gender dysphoria, from the beginning of Plaintiff's employment, up to present, including but not limited to any revised policies."⁴ In response, Defendants produced an Equal Employment Opportunities Manual that they claim contains a gender transition policy, as well as previous versions of the policy.⁵ They claim that there are no other additional policies to produce.⁶

Plaintiff's first hurdle on this issue is that his request for production was not limited to just gender dysphoria. He claims that the policy asks that "Defendants

---

² *Id*.
³ *Ruddy v. Polaris Indus., Inc.*, 2019 WL 319805 (M.D. Pa. Jan. 24, 2019) (citing *Great West Life Assurance Company v. Leviathan*, 152 F.R.D. 494-97 (E.D. Pa. 1994)).
⁴ Doc. 36-3 at 10.
⁵ Doc. 38 at 9.
⁶ *Id*.

identify and produce any policy regarding 'gender dysphoria, from the beginning of Plaintiff's employment, up to the present, including but not limited to any revised policies.'"[7] Not for the last time, Plaintiff has tried to amend the scope of his request in his brief and omit pertinent information. In fact, the request relates to much more than gender dysphoria. It also includes gender transition, gender identity, and gender expression.

Defendants provided a response to a much broader question and further assert that "the Equal Employment Opportunities Manual that they produced in response to RFP 7 encompasses gender dysphoria."[8] Plaintiff is free to test that theory throughout the course of this action, whether through depositions or otherwise, but the response provided by Defendants is sufficient. Defendants claim this is the only responsive policy. If the policy does, in fact, encompass gender dysphoria, this issue is moot. And if it does not, then Plaintiff will have this fact to add to his arsenal later. Plaintiff's motion is denied on this point.

### C. First Request for Production, # 14

The next discovery issue pertains to social media searches Plaintiff asked Defendants to perform. Defendants have asserted that the searches were conducted, and no responsive information exists. Now, Plaintiff wants the Defendants (or perhaps their attorneys – it is unclear) to provide sworn affidavits

---

[7] Doc. 36 at 24-25.
[8] Doc. 38 at 9.

outlining the efforts taken and the results of those searches. Defendants have refused to provide these affidavits. Plaintiff has not provided any legal authority that would require Defendants to swear out affidavits to these points. As Defendants note, Plaintiff is free to inquire into the nature and scope of the searches during depositions. The Court will not compel Defendants to provide sworn affidavits on this question. Their sworn testimony (should Plaintiff choose to elicit any) will suffice. This request is denied.

### D. First Request for Production, # 34

Plaintiff's First RFP includes a request (numbered request 34) that Defendants "produce any and all documentation sufficient to identify any complaints of discrimination or harassment, on any basis, whether formal or informal, lodged against any of the individual defendants named in the caption of the lawsuit . . . and any other employee identified in Plaintiff's complaint; within the last ten (10) years."[9]

This request is overbroad. At the outset, I note that Plaintiff again misstates what is actually sought by this request. In briefing, Plaintiff attempts to convince the Court that he only seeks "complaints of LGBTQ+ discrimination, LGBTQ+ harassment, sexual harassment, and/or retaliation, by any former or current employee, inmate, and/or other person, at the Pennsylvania Department of

---

[9] Doc. 36-3 at 19.

Corrections."[10] But as the First RFP plainly states, the scope of the request is much broader than Plaintiff would have the Court believe. It is not limited to claims of harassment against any LGBTQ+ individuals. Instead, the request would also include claims of racial or religious discrimination, for example. Those are obviously not relevant to this action, and Plaintiff cannot overcome this hurdle.

Claims of harassments against LGBTQ+ employees would clearly be relevant to this litigation, as those individuals would be similarly situated to Plaintiff. Defendants could not argue otherwise. But at the same time, Rule 26 does not give Plaintiff carte blanche to investigate claims having no relevance to his own. Therefore, the Court limits the request only to complaints of LGBTQ+ discrimination, harassment (including sexual harassment), or retaliation. Next, the Court limits the scope of complainants to Pennsylvania Department of Corrections employees, at least in the first instance. Defendants will produce documents responsive to this narrower set of information. Plaintiff can then evaluate the documents produced, and if he concludes that he needs the additional discovery which would include complaints by inmates, the Court will revisit the question.

If Plaintiff comes back for more discovery on this issue, he should be prepared to explain why the additional set of documents would not be disproportionate to the needs of the case or otherwise violative of Rule 26. His

---

[10] Doc. 36 at 7.

failure to submit any reply brief that would have challenged Defendants' arguments was fatal to his motion on this point. Plaintiff's request is granted in part and denied in part, without prejudice.

E.  **First Interrogatory, # 4**

Plaintiff's first set of interrogatories includes the following: "Identify each and every one of your alleged legitimate, non-discriminatory reasons for requesting Plaintiff identify a date by which he would transition from female to male – when Defendants' employer sponsored health insurance excluded gender confirmation surgery ("GCS"), gender-affirming care, and/or any other transition-related services – including any all of the factual bases for same."[11] Defendants claim that they have provided complete answers to that interrogatory. Plaintiff would like more detail to the response, pointing to cases illustrating that to satisfy the second step of the *McDonnell-Douglas* burden-shifting framework, the Defendants must proffer a legitimate non-discriminatory reason for their actions.[12]

But those cases largely illustrate that a defendant may well fail to meet its own burden if it fails to provide enough specificity to explain its decisions. That does not necessarily mean that a party needs to provide detail where it may not exist. That risk is one that these Defendants have taken for themselves, and it may

---

[11] Doc. 36-2 at 8.
[12] Doc. 36 at 21-22.

or may not turn out to be a wise decision.¹³ Only time will tell. The Court may find that their rationale is specific enough to meet their burden, or it may conclude that they have failed and rule accordingly. That question is not before the Court now, and Plaintiff's motion to compel additional responses on Interrogatory 4 is denied.

F.     **First Interrogatory, # 5**

The first set of interrogatories also asks Defendants: "Identify whether Plaintiff requested a reasonable accommodation due to gender dysphoria ('GD'), and whether you provided the same. If you did not, please explain why you did not provide Plaintiff a reasonable accommodation."¹⁴ Defendants responded that they "do not have a record of any written request ever being made by Plaintiff for a reasonable accommodation due to gender dysphoria."¹⁵ Plaintiffs seeks a complete response to his interrogatory: namely, whether a verbal request for accommodation was ever made. The Court will order Defendants to answer that question.

Defendants' argument is, put simply, strained. They claim that the interrogatory is improper on its face because "it presumes that Plaintiff is a qualified person with a disability under the Rehabilitation Act and the Americans with Disabilities Act ('ADA') before the Third Circuit or this Court has decided

---

¹³ The Court also notes that Defendants have represented that they have provided all the detail they can at this point. *See* Doc. 38 at 8 ("But there is no additional clarity or specificity that Defendants can provide.").
¹⁴ Doc. 36-2 at 9.
¹⁵ Doc. 36-4 at 4 (emphasis added).

the issue."[16]  Fair enough, but that has little bearing on their response to the question.  This same issue did not stop them from responding before.  As noted, Defendants represented that no written request was ever made.  A discerning party might suspect that this answer was carefully worded and qualified.  Plaintiff simply wants to know if a verbal request was ever made, which would be a complete answer to the interrogatory.   While the Court has the authority to defer answer on this question, I see no reason to.  Defendants shall supplement their response to Interrogatory 5.

### G. Discovery Related to Training

There are several discovery requests pertaining to training received by the Defendants.  First RFP 16 asks Defendants to "produce documentation sufficient to identify that Defendants' employees . . . were provided training on nondiscrimination, anti-harassment, and anti-retaliation, during the subject timeframe."[17]  Defendants' response to the First RFP asserts that responsive information would be produced.[18]  Defendants did not address this issue in their brief in opposition to the motion to compel, so the Court grants this request as unopposed.  Defendants shall produce documents responsive to First RFP 16, as they have agreed to.

---

[16]  Doc. 38 at 6-7.
[17]  Doc. 36-3 at 14.
[18]  Doc. 36-5 at 6-7.

Next, Interrogatory 12 asks Defendants to identify "what training that employees, including but not limited to corrections officers at SCI-Coal Township, received regarding non-discrimination based on sex, sexual orientation, gender identity, and gender expression, anti-harassment based on the same, and/or antiretaliation, and the date (MM/DD/YYYY) that the training was given, within the last ten (10) years."[19] Defendants again did not address this interrogatory in briefing, so the motion is deemed unopposed as to that issue. Defendants shall produce documents responsive to Interrogatory 12.

Plaintiff's second set of requests for production of documents ("Second RFP") includes a request that Defendants "produce the course materials for every training course starred by you in your production of documents."[20] Defendants claim that they have produced all responsive materials to the Second RFP. Plaintiff has not submitted a reply brief to dispute this representation, and therefore the Court deems the point moot to that question.

## III. CONCLUSION

Plaintiff's motion to compel discovery is granted in part and denied in part, as follows:

The motion to compel is granted as to: (1) Interrogatory # 5; (2) First RFP # 16; and (3) Interrogatory # 12.

---

[19] Doc. 36-4 at 6.
[20] Doc. 36-7 at 10.

The motion to compel is denied as to: (1) First RFP # 7; (2) First RFP # 14; (3) Interrogatory # 4; and (4) Second RFP # 2.

The motion to compel is granted in part and denied in part as to First RFP # 34.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge